March 6, 2003

The Honorable Carole Keeton Strayhorn
Comptroller of Public Accounts
Lyndon B. Johnson Building
111 East 17th Street
Austin, Texas 78701

Opinion No. GA-0028

Re: Whether the Comptroller of Public Accounts may disclose certain information relating to state tax liens (RQ-0592-JC)

Dear Comptroller Strayhorn:

You ask whether the Comptroller of Public Accounts ("the Comptroller") may disclose certain information relating to state tax liens. Specifically, you ask whether the Comptroller may "disclose the amount of current tax, penalty, and interest owed by a delinquent taxpayer when that amount is actually secured by a publicly available state tax lien, even if the total amount owed is not reflected on the face of the lien."[1]

Chapter 113 of the Tax Code provides for state tax liens. Under chapter 113, "[a]ll taxes, fines, interest, and penalties due by a person to the state under [title 2 of the Tax Code] are secured by a lien on all of the person's property that is subject to execution." TEX. TAX CODE ANN. § 113.001(a) (Vernon 2001). A state tax lien may also be used to secure other taxes or fees that the Comptroller "is required to collect under a law not included in this title." Id. § 113.0021. To be effective, a state tax lien must be filed with the county clerk in the county where real property is located or, with respect to personal property, in the county where the taxpayer resided at the time the tax became due and payable or in the county where the taxpayer filed the report. See id. § 113.101(a).

The Comptroller issues and files tax lien notices required by chapter 113. See id. § 113.002(a); see also id. § 113.003 ("The comptroller may execute, certify, authenticate, or sign any instrument authorized under this chapter to be issued by the comptroller or under the comptroller's authority with a facsimile signature and seal."). A tax lien notice "must" include the following information:

---

[1]Letter from Jesse Ancira, Jr., General Counsel to the Comptroller of Public Accounts, to Honorable John Cornyn, Texas Attorney General at 1 (Aug. 21, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

(1) the name and address of the taxpayer;

(2) the type of tax that is owing;

(3) each period for which the tax is claimed to be delinquent; and

(4) the amount of tax only due for each period, excluding the amount of any penalty, interest, or other charge.

*Id.* § 113.002(b). A tax lien notice may also include "other relevant information that the comptroller considers proper." *Id.* § 113.002(c). Thus, the Comptroller has the discretion to include additional information in a tax lien notice.

The Comptroller files state tax lien notices with county clerks. Each county clerk is required to maintain a "state tax lien book." *See id.* § 113.004 ("The county clerk of each county shall provide at the expense of the county a well-bound book, entitled 'State Tax Liens,' in which notices of state tax liens filed by the comptroller are recorded."). On receipt of a tax lien notice from the Comptroller, the county clerk is required to "record the notice in the state tax lien book." *Id.* § 113.005(a)(1).

A state tax lien "attaches to all of the property of a person liable for the taxes." *Id.* § 113.001(b). Once the Comptroller has filed a state tax lien notice, the filing and recording of the notice "constitutes a record of the notice." *Id.* § 113.006(a). A state tax lien on personal property and real estate continues until the taxes secured by the lien are paid. *See id.* § 113.105(a).

Significantly, pursuant to section 113.006 of the Tax Code, "[o]ne tax lien notice is sufficient to cover all taxes of the same nature, including penalty and interest computed by reference to the amount of tax, that may have accrued before or after the filing of the notice." *Id.* § 113.006(b). You explain that this provision "saves the Comptroller from having to expend additional manpower, time, and additional lien filing fees each time a taxpayer accrues additional liabilities or makes partial payments. At the same time, the single lien ensures protection of the state's collection interests." Request Letter, *supra* note 1, at 2. However, the Comptroller is not prohibited from updating a lien to reflect changes in the taxpayer's liability. *See* TEX. TAX CODE ANN. § 113.002(c) (Vernon 2001) (tax lien notice may include "other relevant information that the comptroller considers proper").

You state that the Comptroller has "traditionally treated all lien information – including the amount secured by the lien – as public and readily available for release." Request Letter, *supra* note 1, at 3. You ask whether the Comptroller may "disclose the amount of current tax, penalty, and interest owed by a delinquent taxpayer when that amount is actually secured by a publicly available state tax lien, even if the total amount owed is not reflected on the face of the lien." *Id.* at 1. We conclude that the Comptroller may do so.

The legislature amended the state tax lien provisions in 1961 to provide for the recording of liens with county clerks to establish "a method of determining the status and ownership of real property and real property liens." *See* Act of Apr. 18, 1961, 57th Leg., R.S., ch. 104, § 6, 1961 Tex.

Gen. Laws 201, 203. By its very nature, a state tax lien notice filed in the office of a county clerk is a public record and is intended to put members of the public on notice of the state's interest in property. *See* TEX. LOC. GOV'T CODE ANN. §§ 118.024 (Vernon 1999) (county clerk's authority to charge fees with respect to documents, including authority to charge fees for filing personal and real property records, does not limit person's right to full and free access to such documents), 191.006 ("All records belonging to the office of the county clerk to which access is not otherwise restricted by law or by court order shall be open to the public at all reasonable times. A member of the public may make a copy of any of the records."); TEX. PROP. CODE ANN. § 13.002 (Vernon 1984) ("An instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument."); *see also* TEX. TAX CODE ANN. §§ 151.027(a) (Vernon 2002) (information set forth in a sales, excise, and use tax lien open to public inspection), 171.207 (franchise tax information contained in a document filed with a county clerk as a notice of a tax lien "shall be made open to public inspection").

A state tax lien notice filed with a county clerk must disclose the name and address of the taxpayer; the type of tax that is owing; each period for which the tax is claimed to be delinquent; and the amount of tax due for each period. *See* TEX. TAX CODE ANN. § 113.002(b) (Vernon 2001). However, a state tax lien notice need not include the amount of any penalty, interest, or other charges. *See id.* § 113.002(b)(4) (excluding from information that must be included in a state tax lien "the amount of any penalty, interest, or other charge"). And a state tax lien will not include additional taxes that may have accrued after it was filed. By operation of section 113.006, however, the tax lien notice will cover "all taxes of the same nature, including penalty and interest computed by reference to the amount of tax, that may have accrued before or after the filing of the notice." *Id.* § 113.006(b). We agree that the Comptroller's policy to treat as "public and readily available for release" all lien information, including the amount secured by the lien, provides the public with complete notice of the extent of the taxes and other amounts secured by the lien pursuant to section 113.006. *See* Request Letter, *supra* note 1, at 3-4.

You express some concern that the Comptroller's policy of releasing this information is limited by confidentiality provisions, such as sections 111.006, 151.027, and 171.206 of the Tax Code. *See id.* at 2; *see also* TEX. GOV'T CODE ANN. § 552.022(a) (Vernon Supp. 2003) ("the following categories of information are public information and not excepted from required disclosure under this chapter *unless they are expressly confidential under other law:* . . . (15) information regarded as open to the public under an agency's policies") (emphasis added). Very generally, those provisions make confidential information the Comptroller obtains from the examination of a taxpayers' records[2] and have been interpreted to make confidential the amount of taxes owed by a

---

[2]*See* TEX. TAX CODE ANN. §§ 111.006(a) (Vernon 2001) ("The following matter is confidential and may not be used publicly, opened to public inspection, or disclosed except as permitted by this section: . . . (2) all information secured, derived, or obtained by the comptroller or the attorney general during the course of an examination of the taxpayer's books, records, papers, officers, or employees, including an examination of the business affairs, operations, source of income, profits, losses, or expenditures of the taxpayer."), 151.027(b) (Vernon 2002) ("Information secured, derived, or obtained during the course of an examination of a taxpayer's books, records, papers, officers, or employees, including the business affairs, operations, profits, losses, and expenditures of the taxpayer, is confidential and not open

(continued...)

taxpayer. *See, e.g., A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 680 (Tex. 1995) (holding that the amounts of assessed tax deficiencies, refunds, or credits are derived from taxpayer-furnished information and thus are confidential under section 111.006 of the Tax Code, and concluding that the Comptroller was required under Public Information Act to disclose that audits resulted in a deficiency assessment or refund warrant, but not to disclose the amounts of an assessment or refund). Section 171.206 of the Tax Code, which makes confidential information obtained from a corporation on which a franchise tax is imposed, *see* TEX. TAX CODE ANN. § 171.206 (Vernon 2002), is expressly modified by section 171.207, which provides that information contained in a document filed under chapter 171 with a county clerk as a notice of a tax lien is not confidential and "shall be made open to public inspection," *id.* § 171.207. *See also id.* § 151.027(a) ("Information in or derived from a record, report, or other instrument required to be furnished under this chapter [regarding collection of sales, excise, and use taxes] is confidential and not open to public inspection, except for information set forth in a lien filed under this title . . . ."). No provision, however, expressly addresses the information about which you ask, information about the current liability secured by a tax lien that may not be contained in the state tax lien notice but is necessary to evaluate the scope of the lien. Nor is there a judicial or attorney general opinion on the subject.

We conclude that the confidentiality provisions do not apply to information that discloses the extent of the tax liability secured by a tax lien, because the statutory lien provisions except it from the scope of the confidentiality provisions. The purpose of state tax liens is to secure amounts owed to the state and to disclose to the public the state's interest in property. *See* authorities cited *supra* pp. 2-3. A state tax lien notice, which must include the name and address of the taxpayer and the amount of tax due, *see* TEX. TAX CODE ANN. § 113.002(b)(1), (4) (Vernon 2001), is public information. *See* authorities cited *supra* p. 3. The legislature has also expressly provided in section 113.006 that a state tax lien notice covers additional amounts not included in the notice. *See* TEX. TAX CODE ANN. § 113.006(b) (Vernon 2001) ("One tax lien notice is sufficient to cover all taxes of the same nature, including penalty and interest computed by reference to the amount of tax, that may have accrued before or after the filing of the notice."). To the extent information supplements information in a state tax lien notice, which is and must be publicly available, thus informing the public of the full scope of the taxes and other amounts covered by the tax lien notice by operation of section 113.006, the Comptroller is authorized by section 113.006 to release it. *See* TEX. GOV'T CODE ANN. §§ 311.021 (Vernon 1998) ("In enacting a statute, it is presumed that . . . (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest"), 311.023 ("In construing a statute . . . a court may consider among other matters the: (1) object sought to be attained; . . . (5) consequences of a particular construction; [and] (6) administrative construction of the statute"). This authority to release information is an exception to the confidentiality provisions and those provisions do not apply to the information when it is released for this purpose.

---

²(...continued)
to public inspection except as provided by Subsection (c) of this section.") (sales, excise, and use taxes), 171.206 (" the following information is confidential and may not be made open to public inspection: . . . (2) information, including information about the business affairs, operations, profits, losses, or expenditures of a corporation, obtained by an examination of the books and records, officers, or employees of a corporation on which a tax is imposed by this chapter") (franchise taxes).

## S U M M A R Y

The Comptroller may disclose the amount of current tax, penalty, and interest owed by a delinquent taxpayer when that amount is actually secured by a publicly available state tax lien notice to the extent this information is disclosed to supplement information available in the state tax lien notice.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee